Freeman, J.,
delivered the opinion of the court.
This is an indictment for an assault and battery, charged to have been committed by defendant, a teacher in the public schools at Nashville, on Ralph Trabne, one of his pupils. The law was charged correctly by his Honor in the court- below, and the only question is, whether the faets warrant the verdict of the jury. "Without discussing them, we are constrained to say they do not. It is evident, from the test-impny of the father and son, that the real ground of complaint in the case ivas that the hoy had been whipped at all, not that he -had been whipped excessively, or beyond what was the right of the teacher to inflict. This was based on the fact that the father seems to have told the boy *592 “not- to- take a whipping unless he deserved it.” This instruction had never been communicated to the teacher, but. alone given to the boy. The boy stated to the teacher at the time that his father did not wish him whipped.. We-take it no schoolboy would ever be punished if he was to-decide the question whether he deservd it or not. It would be to deprive -the teacher of the right to punish corporally,, entirely to leave it to the discretion of the pupil. The court charged correctly that the teacher had the right to punish wihin bounds prescribed by law, notwithstanding this instruction from the father, and the supposed rule of the school did not interfere with the exercise of this right. The jury, however, seem to have disregarded the charge entirely, and have found defendant guilty.
We see no evidence of excessive punishment, only about five blows with a flat ruler over the shoulders, one of which happened to strike the boy on the aim as- he threw it up to ward off the blow. It made a mark of a few inches in length; did not disable him in any way; was only-a slight bruise, leaving a mark on the skin of a few inches in length, and ^.bout the size of -a pencil or pen-staff. Even in this age, when the tendency is to abolish, or nearly so, the use of corporal punishment, this certainly cannot be held to have been excessive punishment for an open defiance of a teacher’s authority and legitimate order. As the case must be returned, we cannot go into an elaborate discussion of the facts, but only say we think the jury disregarded the charge of the court. Upon the whole case we can see clearly that the verdict of the jury has not been given on the facts.
Reverse and remand for a new trial.